HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONNIE L. JENKINS,

Plaintiff,

v.

PACIFIC COAST LONGSHORE & CLERKS, et al.,

Defendants.

CASE NO. C10-91RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motions to dismiss and for summary judgment (Dkt. ## 11, 18) and Plaintiff's motions for extension of time (Dkt. # 14) and to join International Longshore & Warehouse Union as a defendant (Dkt. # 23). Plaintiff Ronnie Jenkins is proceeding pro se. No party requested oral argument, and the court finds these motions suitable for disposition based solely on the parties' briefing and supporting evidence. For the reasons stated below, the court GRANTS Defendants' motions, DENIES Plaintiff's motions, dismisses this action with prejudice, and directs the clerk to enter judgment for Defendants.

## II. BACKGROUND

Plaintiff Ronnie Jenkins has had an ongoing dispute with his employer since 2007. In October 2007, Plaintiff filed suit in this District against individual employees of Pacific Maritime Association ("PMA") under Title VII of the Civil Rights Act of 1964,

claiming that racial discrimination prevented him from being promoted. Plaintiff voluntarily dismissed that suit after being informed that he had not exhausted his Equal Employment Opportunity Commission ("EEOC") administrative remedies. *See Jenkins v. LeCuyer*, Case No. C07-1814-RSL ("*Jenkins I*"), Dkt. # 20. Plaintiff filed EEOC charges against PMA, and the EEOC issued Plaintiff a "right to sue" letter. In January 2009, Plaintiff filed another Title VII suit in this District. Plaintiff named as defendants PMA, the "International Longshoreman Warehouse Union," the "Foremen's Joint Labor Relations Committee," and several other parties. *See Jenkins v. Pacific Maritime Assn., et al.*, Case No. C09-0130-JCC ("*Jenkins II*"), Dkt. # 1. Plaintiff again contended that Defendants discriminated against him on the basis of race and caused him to receive fewer work opportunities. *Id.*

Defendants moved for summary judgment. Plaintiff responded with a declaration alleging that in the fall of 2007, Defendants hired over 300 new employees and placed them in advanced positions rather than requiring them to move up through the ranks as Plaintiff had. *Jenkins II*, Dkt. # 41. Plaintiff also filed a motion to amend his complaint to include this allegation. Plaintiff contended that Defendants violated Title VII and the Fourteenth Amendment when they hired the new employees and promoted them to Plaintiff's rank. *Jenkins II*, Dkt. # 47.

The Honorable John C. Coughenour granted Defendants' motion for summary judgment. *Jenkins II*, Dkt. # 50 ("Coughenour Order"). The *Jenkins II* court found that Plaintiff's race discrimination claims were based on rumor and that Plaintiff offered no evidence to create a genuine issue of fact for trial. Coughenour Order at 4. The court also denied Plaintiff's motion to amend. Judge Coughenour found that Plaintiff failed to file an EEOC charge to exhaust his administrative remedies on the Title VII claim concerning the 300 new employees. *Id.* Additionally, he held that amendment would be futile as to Plaintiff's Fourteenth Amendment claim because Plaintiff could not show

state action. *Id.* at 5. Judge Coughenour dismissed with prejudice all of Plaintiff's claims against PMA and the other defendants. *Id.* at 6.

Plaintiff did not appeal the judgment in *Jenkins II*, but instead sued again in January 2010. Plaintiff restated his claim, made previously in *Jenkins II*, that Defendants had discriminated against him based on his race. Plaintiff also revived the argument underlying his motion to amend in *Jenkins II* (alleging that Defendants had hired 300 new employees and immediately promoted them to the same status as Plaintiff, thus reducing his work opportunities and his income). However, this time Plaintiff brought his claim under a different statute – 42 U.S.C. § 1981.

Plaintiff named Pacific Coast Longshore & Clerks, International Longshore & Warehouse Union ("ILWU"), and Joint Port Labor Relations Committee ("JPLRC") as defendants. On his motion, the court directed service to each of these parties at the addresses Plaintiff provided. Three parties responded. PMA appeared, contending that it was the party Plaintiff intended to name in lieu of Pacific Coast Longshore & Clerks (a nonexistent entity). Local 19 (the local branch of the ILWU) also appeared in lieu of ILWU, presumably because its address was the one to which Plaintiff directed service. Finally, the Employer's Component of the Seattle Longshore JPLRC appeared, Plaintiff moved to "join" ILWU as a defendant, and he also moved for an extension of time to respond to Local 19's motion to dismiss.

## III. ANALYSIS

### A. Res Judicata

In this case, one Defendant moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and the others moved for summary judgment under Federal Rule of Civil Procedure 56 ("Rule 56"). Although the court discerns no difference between the two approaches for purposes of resolving this matter, the court will resolve the parties' claims through a summary judgment analysis and need not reach the Rule 12(b)(6) motion. On a motion for summary judgment, the court cannot resolve

factual disputes, but must instead draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in answering legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

Defendants contend that Plaintiff's new claim is barred by the doctrine of res judicata. Res judicata bars litigation in subsequent action of any claims that were raised or could have been raised in a prior action. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *Western Radio Serv. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) *Constantini v. Trans World Airlines*, 661 F.2d 1199, 1201 (9th Cir. 1982). Res judicata bars the "assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief." *Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir. 1975). In sum, litigants are "not permitted to fragment a single cause of action and to litigate piecemeal the issues which could have been resolved in one action." *Id.* (quoting *Flynn v. State Bd. of Chiropractic Exam'rs*, 418 F.2d 688 (9th Cir. 1969)). In determining whether successive claims constitute the same cause of action, the court must consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same

> right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (quoting *Constantini*, 681 F.2d 1199, 1201-02). The last of these criteria is most important. *Constantini*, 681 F.2d at 1202. Two events are part of the same "transactional nucleus of fact" if they are "related to the same set of facts and . . . could conveniently be tried together." *Adams v. California Dept. of Health Serv.*, 487 F.3d 684, 689 (9th Cir. 2007) (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)).

Res judicata bars relitigation of claims by parties involved in the original litigation as well as non-parties in privity with a party to the prior judgment. *See Sandpiper Vill. Condo. Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 849 n. 24 (9th Cir. 2005). Privity exists when "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Shaw v. Hahn*, 56 F.3d 1128, 1131 (9th Cir. 1995) (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)).

Res judicata requires a final judgment on the merits. *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). A dismissal on statute of limitations grounds is a judgment on the merits. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995).

Here, Plaintiff attempts to revive the claim he attempted to assert in *Jenkins II*, contending that Defendants' actions violate a different statute, namely 42 U.S.C. § 1981. Plaintiff's claim, concerning Defendants' immediate promotion of 300 new employees, arises from the "same transactional nucleus of facts" (and indeed is exactly the same claim) as the claim Judge Coughenour disposed of in *Jenkins II*. Plaintiff could (and should) have brought his 42 U.S.C. § 1981 claim in *Jenkins II*.

Plaintiff's claim was resolved by a final judgment on the merits in *Jenkins II*. Plaintiff argued in that case that the hiring and promotion of the 300 new employees

violated Title VII and the Fourteenth Amendment, but Judge Coughenour found that Plaintiff had not exhausted his administrative remedies on the Title VII claim and had not proven state action, thus precluding his Fourteenth Amendment claim. *See* Coughenour Order at 4-5. Because Plaintiff's claim arises from the same transactional nucleus of fact as the previous claim and has already been resolved by a final judgment on the merits, res judicata applies.

The court recognizes that the parties Plaintiff named and the parties that appeared as defendants in *Jenkins II* may or may not be the same parties named and appearing in this lawsuit. However, it is clear that the parties named in this suit were either parties to *Jenkins II* or their privies, and res judicata bars relitigation of claims against such parties.

**B. Plaintiff's Motions for Extension of Time and to Join International Longshore & Warehouse Union as a Defendant**

Plaintiff filed two motions of his own. In one, he requested an extension of time in response to Local 19's motion to dismiss, claiming that "the intended respondent International Longshore & Warehouse Union has failed to appear in this Complaint." The court is not required to grant additional time and does not do so here. The fact that a party Plaintiff intended to name has not yet appeared does not mean that Plaintiff is entitled to additional time to respond to a party that did in fact appear. In the second motion, Plaintiff asked the court to "join" ILWU as a defendant. The court assumes that Plaintiff means the national branch of ILWU, as opposed to Local 19 of the ILWU. However, permitting the joinder of ILWU is inappropriate here because ILWU was either a party in *Jenkins II* or privy to such a party. Res judicata bars relitigation of Plaintiff's claims against such parties.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion for summary judgment (Dkt. # 18), declines to reach the motion to dismiss (Dkt. # 11), DENIES Plaintiff's motions for extension of time (Dkt. # 14) and to join ILWU as a defendant in this action (Dkt. # 23), and DISMISSES this case with prejudice. The court directs the clerk to enter judgment for Defendants.

DATED this 30th day of June, 2010.

The Honorable Richard A. Jones
United States District Judge